PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

RICHARD EWENSTEIN (CABN 29469)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6842
    FAX: (415) 436-6753
    Email: richard.ewenstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. 4:23-CR-000318 AMO** |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | **Sentencing Hearing:** |
| DARNEKO YATES, | April 28, 2025 |
| Defendant. | 2:00 p.m. |
| | Hon. Araceli Martínez-Olguín |

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ...........................................................................................................1

II.   SUMMARY OF ARGUMENT .....................................................................................1

III.  CASE HISTORY ...........................................................................................................1

IV.   GUIDELINES CALCULATIONS ...............................................................................3

    A. The Base Offense Level is 20..................................................................................3

    B. Mr. Yates Possessed the Firearm in Connection with Another Felony Offense ........3

    C. Mr. Yates Used a Minor to Assist in Avoiding Detection of the Offense ..................5

    D. Mr. Yates Should Receive a Two-Level Decrease for Acceptance of Responsibility..............7

    E. Mr. Yates Falls Within Criminal History Category III ..............................................8

    F. Mr. Yates' Guidelines Range is 63-78 Months ........................................................8

V.    ARGUMENT .................................................................................................................8

    A.    The Offense Conduct is Egregious ....................................................................8

    B.    Mr. Yates' History Also Demonstrates a Need for a Significant Sentence ............9

VI.   CONCLUSION .............................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ewing v. California*,
   538 U.S. 11 (2003) ............................................................................................................ 4

*In re Yolanda L.*,
   7 Cal. App. 5th 987 (2017) ............................................................................................... 4

*People v. Hansen*,
   59 Cal. App. 4th 473 (1997) ............................................................................................. 3

*People v. Odom*,
   226 Cal. App. 1028 (1991) ............................................................................................... 3

*People v. Schemensky*,
   2024 WL 653843 (Feb. 16, 2024) ................................................................................. 3, 4

*Rewis v. United States*,
   401 U.S. 808 (1971) ........................................................................................................ 4

*United States v. Baldon*,
   956 F.3d 1115 (9th Cir. 2020) ......................................................................................... 9

*United States v. Castro-Hernandez*,
   258 F.3d  (9th Cir. 2001) ................................................................................................. 5

*United States v. Cuevas-Lopez*,
   934 F.3d 1056 (9th Cir. 2019) ......................................................................................... 8

*United States v. Herrera-Rojas*,
   243 F.3d 1139 (9th Cir. 2001) ......................................................................................... 5

*United States v. Gonzalez*,
262 F.3d 867 (9th Cir. 2001) ............................................................................................ 6

*United States v. Holt*,
   510 F.3d 1007 (9th Cir. 2007) ......................................................................................... 5

*United States v. Ramirez*,
   98 F.4th 1141 (9th Cir. 2024) .......................................................................................... 2

*United States v. Vandivere*,
   15 Fed. Appx. 447 (9th Cir. 2001) ................................................................................. 6,7

*United States v. Whittenberg*,
   2023 WL 5548964 (9th Cir., Aug. 29, 2023) ................................................................... 4

**<u>Statutes</u>**

18 U.S.C. § 922(g)(1) .................................................................................. 1, 2, 7

18 U.S.C. § 924(c)(1)(A) ................................................................................. 6

18 U.S.C. § 924(e)(1) ..................................................................................... 10

18 U.S.C. § 3553(a) .................................................................................. 8, 9, 10

26 U.S.C. §§ 5845(a)(6) .................................................................................. 3

Cal. P.C. § 186.22(b)(1) .................................................................................. 9

Cal. P.C. § 215(a) ........................................................................................... 9

Cal. P.C. § 273a(a) ...................................................................................... 3, 4

**<u>Rules</u>**

U.S.S.G. § 2K2.1 ......................................................................................... 3, 4

U.S.S.G. § 3B1.4 ............................................................................................ 5

U.S.S.G. § 4A1.1 ........................................................................................... 10

## I.  INTRODUCTION

Following a bench trial, this Court found defendant Darneko Yates guilty of the sole count alleged in the indictment, a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition.  Sentencing is set for April 28, 2025, at 2:00 p.m.  For the reasons below, the government respectfully requests that the Court sentence Mr. Yates to a term of imprisonment of 78 months, three years of supervised release, waive fines, order the firearm forfeited, and set restitution at zero.

## II.  SUMMARY OF ARGUMENT

Mr. Yates, on parole and less than two months out of state prison, possessed a loaded automatic weapon in a car with two small children.  When he was pulled over for a vehicle code infraction, rather than accepting responsibility for his decisions, he concealed the firearm in the pants of his six-year-old nephew to avoid detection and then attempted to enlist his own mother in the crime by texting her to bring the child inside before police could find the firearm.

Mr. Yates is a recidivist offender with felony convictions for carjacking, solicitation of murder, and firearms possession.  The fact that he armed himself with an automatic weapon less than two months after his release from state prison indicates that he continues to pose a danger to public safety.  To account for that danger, provide adequate deterrence to Mr. Yates, and promote respect for the law, the Court should impose the government's recommended sentence, 78 months in custody, which is the high end of the advisory sentencing guidelines.

## III.  CASE HISTORY

On August 27, 2023, Mr. Yates committed the instant offense when he was found in possession of a loaded automatic pistol after being pulled over for a vehicle code violation in San Pablo, California.  PSR ¶ 7.  He was arrested and held in state custody for an alleged parole violation prior to being charged on September 21, 2023, with being a felon in possession of a firearm and ammunition in a single-count federal indictment.  PSR ¶¶ 1, 10.  Mr. Yates was arrested on a warrant on October 6, 2023, and made his initial appearance on the same day before the Honorable Donna Ryu, Chief United States Magistrate Judge.  PSR ¶ 4.  He was ordered detained and remanded to custody.  Id.

After Mr. Yates prevailed on a motion to suppress before this Court (see ECF 38, Order on Motions to Dismiss and Suppress), Judge Ryu held a bond hearing on February 16, 2024, and ordered

1   Mr. Yates released on February 20, 2024.  PSR ¶ 4.  Mr. Yates was released to the residential reentry

2   center (RRC) in San Francisco, California, on a $50,000 bond.  Id.

3       Mr. Yates initially appeared to do well on release.  However, on April 23, 2024, the government

4   wrote to Judge Ryu to notify the Court that the Ninth Circuit Court of Appeals had decided *United*

5   *States v. Ramirez*, a case confronting a similar legal issue to the one on which Mr. Yates had prevailed in

6   his motion to suppress.  ECF 78 (Government Letter to Honorable Donna Ryu); *United States v.*

7   *Ramirez*, 98 F.4th 1141 (9th Cir. 2024).  The *Ramirez* decision signaled that the government was likely

8   to prevail on its appeal to the Ninth Circuit, and the government therefore asked Judge Ryu to reopen the

9   bond hearing to consider that changed circumstance.  Id.

10      That same day, Mr. Yates left the RRC but did not report to his culinary school program as

11  required.  PSR ¶ 5.  When the program director reported to Pretrial Services that Mr. Yates had not

12  attended the program, Mr. Yates lied to both his Pretrial Services Officer and his own counsel, claiming

13  that he had not left the RRC at all that day.  Id.  When confronted with evidence that he had left, Mr.

14  Yates apologized for lying but said he did not regret leaving the RRC.  Id.

15      On the evening of April 24, 2024, Mr. Yates absconded from the RRC again.  Id.  A warrant

16  issued for his arrest and remained outstanding for a week, until Mr. Yates self-surrendered and was

17  arrested on the warrant on May 1, 2024.  Id.

18      On May 6, 2024, Judge Ryu held a bail revocation hearing.  Id.  In advance of that hearing, the

19  government submitted to Judge Ryu evidence of Mr. Yates' Instagram activity while on bail, which

20  included photographs of him in the company of North Richmond gang members and using signs and

21  symbols associated with subsets of the North Richmond criminal street gang.  Id.; ECF 86 (Government

22  letter to the Court and exhibits).  Judge Ryu again ordered Mr. Yates detained.  ECF 88.

23      On January 17, 2025, the parties appeared before the Court for a bench trial.  ECF 118 (Minutes

24  of trial).  At the conclusion of the one-day trial, this Court found Mr. Yates guilty of the sole count in the

25  indictment.  Id.  Sentencing is set for April 28, 2025.

26

27

28

## IV.   GUIDELINES CALCULATIONS

The government calculates a total offense level of 24 as follows:

|  | **U.S.S.G. Section** | **Level/Points** |
|---|---|---|
| Base offense level | § 2K2.1(a)(4)(B) | 20 |
| Specific offense characteristics | § 2K2.1(b)(6)(B) | +4 |
| Victim related adjustments | § 3B1.4 | +2 |
| Adjusted offense level |  | 26 |
| Acceptance of responsibility | § 3E1.1 | -2 |
| Total offense level |  | 24 |

Each value on the table is discussed below.

### A.  The Base Offense Level is 20

The Court should find a base offense level of 20 because the Glock "switch" affixed to the firearm allows it to fire "more than one shot, without manual reloading, by a single function of the trigger," rendering it a "machinegun" within the meaning of 26 U.S.C. §§ 5845(a)(6), (b).

### B.  Mr. Yates Possessed the Firearm in Connection with Another Felony Offense

The Court should apply a four-level enhancement because Mr. Yates used or possessed the firearm in connection with another felony offense, namely, child endangerment in violation of California Penal Code ("Cal. P.C.") § 273a(a).  Subsection 2K2.1(b)(6)(B) applies "if the firearm facilitated, or had the potential of facilitating, another felony offense[.]"  See U.S.S.G. § 2K2.1 n.14(A).  Here, the firearm not only "facilitated" the offense of child endangerment but gave rise to it.  Yates' possession of the gun and child endangerment "were part of the same course of conduct or common scheme or plan" because—as the only adult in the car—Yates remained in constructive possession of the gun even after he concealed it on his nephew.  See U.S.S.G § 2K2.1 n.14(E)(i).

Even "[s]toring loaded firearms in a home occupied by children without denying the children access to the weapons creates a potential peril under [Cal. P.C. § 273a(a)]."  *People v. Schemensky*, 2024 WL 653843, *4 (Feb. 16, 2024); *People v. Hansen*, 59 Cal. App. 4th 473, 479-80 (1997); *People v.*

1  *Odom*, 226 Cal. App. 1028, 1033 (1991).  In this case, Mr. Yates did far more than deny a child access

2  to a loaded weapon; he concealed a loaded weapon on the child's person.  California courts have little

3  doubt that "a young child with access to a loaded gun is at substantial risk of serious physical harm."  *In*

4  *re Yolanda L*., 7 Cal. App. 5th 987, 995 (2017).  "[A] person or child who handles a

5  loaded firearm without adequate care can easily shoot the firearm—intentionally or unintentionally—

6  with potentially fatal consequences for himself or others."  *Schemensky*, 2024 WL 653843, *4.

7       The Court should reject Mr. Yates' argument that a section (b)(6)(B) enhancement does not

8  apply because Cal. P.C. § 273a(a) is a "wobbler" offense.  "Under California law, a 'wobbler' is

9  presumptively a felony and 'remains a felony except when the discretion is actually exercised' to make

10  the crime a misdemeanor."  *Ewing v. California*, 538 U.S. 11, 16-17 (2003).  A recent unpublished Ninth

11  Circuit opinion specifically applied this statement in *Ewing* to find that a "wobbler" offense (negligent

12  discharge of a firearm) triggered the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).  *United*

13  *States v. Whittenberg*, 2023 WL 5548964 (9th Cir., Aug. 29, 2023).

14       In his objections to the draft PSR, Mr. Yates also cited to the rule of lenity as a reason for

15  Probation not to include this enhancement.  See PSR p. 22.  The rule of lenity, which provides

16  that "ambiguity concerning the ambit of criminal statutes should be resolved in the favor of lenity," does

17  not apply in this situation.  *See Rewis v. United States*, 401 U.S. 808, 812 (1971).  Here, neither the

18  California Penal Code section nor the Sentencing Guidelines is ambiguous.

19       Section 273a(a) is not vague or ambiguous; it is punishable by imprisonment of up to six years in

20  a state prison and is therefore, on its face, a crime "punishable by a term exceeding one year."  Cal. P.C.

21  § 273a(a).  The fact that it may also be charged (in the discretion of a prosecutor) or later reduced (in the

22  discretion of a judge) to a misdemeanor does not render it ambiguous as written.

23       Nor is the Section 2K2.1(b)(6)(B) Guideline ambiguous.  It applies to "any federal, state, or local

24  offense, other than the explosive firearms possession or trafficking offense, punishable by a term

25  exceeding one year, regardless of whether a criminal charge was brought or a conviction obtained."

26  U.S.S.G. § 2K2.1 n.14(C).  Cal. P.C. § 273a(a) falls within that definition.

27       Because neither the Penal Code section nor the Sentencing Guideline at issue is ambiguous or

28  unclear, the rule of lenity does not apply.

### C.  Mr. Yates Used a Minor to Assist in Avoiding Detection of the Offense

The Court should also apply a two-level enhancement pursuant to because Mr. Yates "used … a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense[.]  U.S.S.G. § 3B1.4.  As Probation agrees, "[i]t is clear that the defendant is responsible for having his nephew possess his firearm to avoid detection[.]"  PSR p. 21.  Probation also agrees that this enhancement applies "based on the preponderance of the evidence."  Id.

As an initial matter, a minor's own participation is not required for the application of § 3B1.4.  *United States v. Castro-Hernandez*, 258 F.3d 105, 1060 (9th Cir. 2001).  Rather, "[i]t is sufficient that the defendant took affirmative steps to involve a minor in a manner that furthered or was intended to further the commission of the offense."  *Id*.  Such was the case here.

Mr. Yates "used" his nephew to avoid detection of, or apprehension for, the offense because he concealed his firearm on his nephew's person and then texted his mother to "come get [the child] out da car he got my gun on em" and "hurry up b4 he pull me out."  PSR ¶ 10.  These text message evince a clear intent to use the child—and his own mother, although that is not required for the enhancement— to get the firearm into the home, away from the eyes of police before they continued the traffic stop.

Despite the facial applicability of the enhancement under section 3B1.4, Probation recommends against inclusion of the enhancement due to a concern about "double counting" the 3B1.4 and 2K2.1(b)(6)(B) enhancements.  PSR p. 21.  That concern is misplaced in this case.

Using the same conduct to trigger multiple Guidelines enhancements is not only authorized but intended by the Sentencing Guidelines when each invocation of the behavior serves a unique purpose.  *United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007) (A two-level "vulnerable victim" enhancement and a four-level "sadistic conduct" enhancement were both properly applied to the defendant's possession of the same child pornography images).  On the other hand, *impermissible* "double counting" occurs when "the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions *which necessarily overlap, are indistinct, and serve identical purposes.*"  *United States v. Herrera-Rojas*, 243 F.3d 1139, 1144 (9th Cir. 2001) (emphasis in original).  Cases involving the "use of a minor" enhancement under section 3B1.4 support the application of both enhancements in this case.

In a case arising from this district, the Ninth Circuit found no impermissible "double counting" when the district court applied enhancements for both obstruction of justice and using a minor to avoid detection of a crime. *United States v. Vandivere*, 15 Fed. Appx. 447, 450 (9th Cir. 2001). The defendant, convicted of four counts related to child pornography offenses, had called his minor daughter and told her to destroy files on her computer to "make my prosecution here much more difficult." *Id*. The district court used that single instance of conduct as the basis for both enhancements, and the Court of Appeals affirmed, reasoning that

> the harm targeted by each enhancement is distinct. In the case of the obstruction of justice enhancement, the purpose to punish those who destroy material evidence. The purpose of the 'using minors' enhancement, in contrast, is to punish people who use minors to commit crimes. Therefore, even though the same conduct served as the basis for two difference [sic] enhancements, each invocation of the behavior served a unique purpose under the Guidelines, and 'double counting' was permissible.

*Id*. at 451 (internal quotations omitted).

Similarly, in *United States v. Gonzalez*, the defendant pled guilty to possessing and passing counterfeit currency after paying her landlord $5,100 in fake currency and recruiting a minor to steal back the counterfeit money. 262 F.3d 867, 869 (9th Cir. 2001). At sentencing, the district court applied both "aggravated role" and "use of a minor" enhancements. The former was based on the defendant having recruited another person (the minor) into the plot and the latter was based on attempting to use the minor as the thief. *Id*. The defendant appealed the sentence, claiming (as relevant here) double counting, but the Ninth Circuit rejected the claim and affirmed. The Court of Appeals explained that each enhancement "accounted for a different type of harm caused by Gonzalez's conduct" because "involving others in criminal wrongdoing is harmful without reference to the age of the individuals" while "use of a minor is harmful whether or not the defendant's role in the offense is that of a leader or organizer." *Id*. at 871.

In this case, the Court should apply enhancements under both 2K1.1(b)(6)(B) and 3B1.4 because those two enhancements address separate harms. The "in connection with a felony" enhancement addresses the harm that possession of firearms may facilitate or aggravate other felony offenses of any type. Not only the Guidelines but the U.S. Code recognizes the unique harm posed when firearms facilitate other felonies. *See*, e.g., 18 U.S.C. § 924(c)(1)(A) (Imposing enhanced penalties when a

1  defendant "uses or carries a firearm" "during and in relation to a crime of violence or drug trafficking

2  crime" or possesses a firearm in furtherance of such a crime.)  On the other hand, the "use of a minor"

3  enhancement is to "punish people who use minors to commit crimes." *Vandivere*, 15 Fed. Appx. At

4  451.  Because the two enhancements address different harms, the Court should apply both even though

5  they are predicated on the same factual conduct.[1]

6      **D.  Mr. Yates Should Receive a Two-Level Decrease for Acceptance of Responsibility**

7      In its responses to the draft PSR, the government agreed with Probation that Mr. Yates should

8  not receive credit for acceptance of responsibility but also noted to both Probation and Mr. Yates'

9  counsel that it would continue to consider the issue.  After further deliberation, the government believes

10  that Mr. Yates should receive credit for a two-level reduction.

11     Mr. Yates, through his counsel, sought a conditional plea agreement to preserve appeals of this

12  Court's order denying his constitutional challenges to 18 U.S.C. § 922(g)(1) under both the Second

13  Amendment and the Commerce Clause.  See ECF 38 (Order on motions to suppress and dismiss).  The

14  government declined to enter into a conditional plea agreement, and Mr. Yates then sought a bench trial.

15  At the bench trial, Mr. Yates stipulated to the admissibility of a significant portion of the testimony and

16  evidence.

17     Mr. Yates was in the position of either going to trial or surrendering his right to appeal his

18  constitutional challenges.  Under such circumstances, he should receive credit for acceptance of

19  responsibility even after trial.

20     The government does not, however, move for a further one-level reduction pursuant to U.S.S.G.

21  §3E1.1(b).  Although the trial was limited in scope, the government was not able to "avoid preparing for

22  trial" and still had to "allocate [its] resources" to that trial, including by having a second attorney learn

23  the case to be able to try it.

24

25

26     [1] It is also instructive that Mr. Yates could have engaged in similar conduct that triggered either
   enhancement but not the other.  For example, had Mr. Yates tossed the firearm onto the backseat within

27  reach of the minor but in plain sight, he would have committed child endangerment but not used the
   minor to avoid detection or apprehension.  On the other hand, had he placed the firearm on a floorboard

28  out of the child's reach and then asked the child to throw a jacket over the firearm, he would have used a
   minor to attempt to avoid detection or apprehension but not committed felony child endangerment.

### E.  Mr. Yates Falls Within Criminal History Category III

The government agrees with Probation that Mr. Yates has six criminal history points and falls within CHC III.  The government reaches that conclusion through the same calculations as Probation.  PSR ¶¶ 32-38.

### F.  Mr. Yates' Guidelines Range is 63-78 Months

The government agrees with Probation that Mr. Yates' level is 24 and CHC is III, yielding a Guideline range is 63 to 78 months.

### V.      ARGUMENT

The Court should impose a sentence of 78 months, the high-end of the applicable Guidelines range, because the sentencing factors under 18 U.S.C. § 3553(a) support that result.  Although the Guidelines are only advisory, district courts must correctly calculate the Guidelines range and use it as a starting point and initial benchmark. *United States v. Cuevas-Lopez*, 934 F.3d 1056, 1061 (9th Cir. 2019).  Here, the government recommends that the Court impose a sentence at the high end of the Guidelines, while Probation recommends a low-end sentence.  PSR p. 25.  The government's recommendation is based primarily on the seriousness of the conduct, Mr. Yates' history of committing serious crimes including crimes involving firearms, and the high need for deterrence.

### A.      The Offense Conduct is Egregious

Mr. Yates' conduct in this case created a high risk of death or serious injury to two children, himself, and police officers.  As discussed above, Mr. Yates not only possessed a loaded automatic firearm, but he also concealed it in the pants of a six-year-old child, his nephew, while his five-year-old niece was in the adjacent car seat.  PSR ¶¶ 8-9.  It would be hard to overstate the danger posed to every person on scene that day by concealing an unsecured, loaded automatic weapon on the person of a six-year-old child.  That Mr. Yates endangered his own family to avoid responsibility for his actions only compounds the gravity of his conduct.  The sentence in this case should be significant enough to reflect the gravely serious nature and circumstances of the offense and provide just punishment.  See 18 U.S.C. §§ 3553(a)(1), (2)(A).

### B.    Mr. Yates' History Also Demonstrates a Need for a Significant Sentence

Mr. Yates has a history of committing serious offenses, including offenses involving firearms. In April 2013, he and three other individuals carjacked a victim at gunpoint.  PSR ¶ 33.[2]  On a separate date in April 2013, Mr. Yates possessed a loaded firearm.  PSR ¶ 34.  He pled guilty to both crimes on the same date and admitted a firearm enhancement attached to the carjacking and a gang enhancement attached to the firearm possession.  PSR ¶¶ 33-34; Trial Exhibit 001 (Yates Felony Abstract of Judgment).  The gang enhancement to which Mr. Yates admitted provides that the underlying felony was committed "for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members."  Cal. P.C. § 186.22(b)(1).

While he was in custody for the two preceding offenses, Mr. Yates solicited another person to murder the victim of his earlier carjacking.  ¶ 35.  The murder was averted not through Mr. Yates abandoning the plot but only because his would-be hitman was, by pure good fortune, an informant who notified law enforcement.  Id.  Mr. Yates was charged with and pled guilty to solicitation to commit murder, again admitting a gang enhancement under Cal. P.C. § 186.22(b)(1).  Trial Exhibit 001.

Following a lengthy state prison sentence for the above offenses, Mr. Yates was paroled on July 5, 2023.  PSR ¶ 35.  He was out of custody for just 53 days before committing the instant offense on August 27, 2023.  PSR ¶ 7.

This history is relevant to the Section 3553(a) analysis.  Most obviously, his history demonstrates the need to protect the public from further crimes of the defendant and to specifically deter him from committing more crimes when he is again released.  18 U.S.C. §§ 3553(a)(2)(B), (C).  That Mr. Yates was on parole for less than two months before he re-offended in this case demonstrates that neither his prior prison sentence nor supervision (parole) was insufficient to deter him.  A significant sentence is

---

[2] Unlike federal carjacking, carjacking under Cal. P.C. § 215(a) is not categorically a crime of violence—and therefore does not serve to increase the base offense level in this case.  *United States v. Baldon*, 956 F.3d 1115, 1126 (9th Cir. 2020).  This is so because California carjacking, unlike federal carjacking, can be accomplished through threat of injury to property, and is therefore not a categorical match for federal carjacking.  *Id.* at 1125.

1   needed in this case to convey to Mr. Yates that, when he is again released at the conclusion of his

2   sentence, returning to criminality cannot be an option for him.

3       Mr. Yates' prior five-year sentence for possession of a firearm with a gang enhancement also

4   bears mentioning. Although it ran concurrently to his carjacking sentence, and therefore adds no points

5   to his criminal history score, the Court should consider it when determining how long of a sentence is

6   needed in this case. Federal criminal law acknowledges the problem of recidivism in various ways. See

7   e.g. 18 U.S.C. § 924(e)(1) (the Armed Career Criminal Act); U.S.S.G. § 4B1.1(c) (Career Offender

8   guideline). No specific recidivism statute applies to Mr. Yates, but the principle that repeat offenders

9   must face significant (if not escalating) penalties does. Imposing a greater sentence for this offense than

10  the five years imposed for his prior gun possession offense would promote the goals of deterrence and

11  protection of the public.

12      The government's recommended sentence would also promote respect for the law, which is

13  lacking in both Mr. Yates' history and his conduct in this case. 18 U.S.C. § 3553(a)(2)(A). Attempting

14  to have a victim/witness killed from custody is the most obvious example of Mr. Yates' disregard for

15  the law, but so too is Mr. Yates committing this offense while on parole[3] and using a child to attempt to

16  avoid responsibly for his actions. Mr. Yates did not demonstrate respect for the law or for court orders

17  when he absconded from supervision while on pretrial release in this case, when he lied to his pretrial

18  services officer about his whereabouts, or when he displayed signs and symbols of a gang while on

19  pretrial release. PSR ¶ 5.

20      A seventy-eight-month sentence would be sufficient but not greater than necessary to fully

21  account for Mr. Yates' conduct in this case, address his recidivism, protect the public, deter his future

22  criminality, and promote respect for the law.

23  **VI.    CONCLUSION**

24      For the foregoing reasons, the United States respectfully requests that the Court impose a 78-month

25  sentence, three years of supervised release, waive fines, set restitution at zero, and order forfeiture of the

26

27  _____
    [3] Due to changes in the Guidelines, offenders with fewer than seven criminal history points
28  receive no additional points for committing the offense while under a grant of supervision. PSR ¶ 37,
    U.S.S.G. § 4A1.1(e). This Court can nonetheless consider Mr. Yates' disregard of his parole conditions,
    less than two months into supervision, in assessing what sentence is necessary under Section 3553(a).

Glock 23 .40 caliber handgun bearing serial number XPG519 and eleven rounds of Smith & Wesson .40 caliber ammunition seized on August 27, 2023, in San Pablo, California.

DATED: April 14, 2025                                  Respectfully submitted,

                                                       PATRICK D. ROBBINS
                                                       Acting United States Attorney


                                                       _____
                                                       RICHARD EWENSTEIN
                                                       Assistant United States Attorney