1   PATRICK D. ROBBINS (CABN 152288)
    Acting United States Attorney
2
    MARTHA BOERSCH (CABN 126569)
3   Chief, Criminal Division

4   RICHARD EWENSTEIN (CABN 29469)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6842
7       FAX: (415) 436-6753
        Email: richard.ewenstein@usdoj.gov
8
    Attorneys for United States of America
9
                        UNITED STATES DISTRICT COURT
10
                     NORTHERN DISTRICT OF CALIFORNIA
11
                             OAKLAND DIVISION
12

13   UNITED STATES OF AMERICA,              )   CASE NO. 4:23-CR-000318 AMO
                                            )
14           Plaintiff,                     )   UNITED STATES' RESPONSE TO
                                            )   DEFENDANT'S SENTENCING MEMORANDUM
15       v.                                 )
                                            )   **Sentencing Hearing:**
16   DARNEKO YATES,                         )   April 28, 2025
                                            )   2:00 p.m.
17           Defendant.                     )   Hon. Araceli Martínez-Olguín
                                            )
18

19

20

21

22

23

24

25

26

27

28

GOV. RESPONSE TO DEF. SENTENCING MEMO        1
4:23-CR-00318 AMO

1    **I.  INTRODUCTION**

2        The government files this response to address two arguments advanced by Mr. Yates in his

3    sentencing memorandum: first, that the Court should treat Mr. Yates' act of child endangerment as a

4    misdemeanor, and second, that the section 3B1.4 enhancement does not apply both because it is "double

5    counting" and because it is not factually supported.  Neither argument has merit, and the Court should

6    apply both enhancements and find that Mr. Yates' total offense level is 24.

7    **II.  ARGUMENT**

8        **A.  Mr. Yates Used the Firearm to Facilitate in Felony Child Endangerment**

9        As discussed in the government's sentencing memorandum and the PSR, the Court should

10   impose a four-level enhancement under U.S.S.G. section 2K2.1(b)(6)(B) because Mr. Yates' possession

11   of a firearm facilitated child endangerment.  Mr. Yates, however, cites case law holding that an

12   uncharged wobbler offense should not be presumed to be either a felony or a misdemeanor when

13   determining the grade of a supervised release violation.  ECF 125 (Defendant's Sentencing

14   Memorandum) at 8-9, *citing United States v. Williams*, 5 F.4th 973 (9th Cir. 2021) (supervised release

15   violation arising due to violation of Washington law) and *United States v. Denton*, 611 F.3d 646, 651-52

16   (9th Cir. 2010) (supervised release violation arising due to violation of California law).  The case law

17   Mr. Yates cites is not binding on this Court, but even if it were, or if the Court finds it persuasive, the

18   four-level enhancement would still apply on the facts of this case.

19        As at least one district court has recognized, *Denton* explicitly relies on the language of U.S.S.G

20   §7B1.1, which applies only to probation and supervised release violations, and therefore does not

21   control the way in which a sentencing court must analyze wobbler offenses outside of the violation

22   context.  *United States v. Leyva-Martinez*, 2016 WL 9241009 at *3 (S.D. Cal., March 25, 2016).  The

23   court in *Leyva-Martinez* rejected the very argument Mr. Yates makes here, finding that

24       [A] violation of section 273.5 [a domestic violence wobbler] qualifies as a felony under the
         Guidelines because by its very terms it is punishable 'in the state prison for two, three, or four
25       years, or in a county jail for not more than one year.  The fact that a sentencing judge has
         discretion to sentence an offender to less than a year does not remove the statute from the
26       definition of a felony under the Guidelines.

27        *Id*. at *4.  Recognizing that *Denton* is non-binding outside of the supervised release context, the

28   court in *Leyva-Martinez* relied on the same Supreme Court precedent the government cited in its

GOV. RESPONSE TO DEF. SENTENCING MEMO      2
4:23-CR-00318 AMO

1  sentencing memorandum for the proposition that wobblers are presumptively felonies unless discretion

2  is exercised to reduce them to misdemeanors. *Id.*, citing *Ewing v. California*, 538 U.S. 11, 16 (2003).

3       Of course, *Leyva-Martinez* is merely persuasive, as is the unpublished *Whittenberg* decision,

4  which the government has also cited. *United States v. Whittenberg*, 2023 WL 5548964 (9th Cir., Aug.

5  29, 2023).  But so, too, are *Denton* and *Williams*, the analyses of which are confined to the supervised

6  release and probation context.

7       The Court need not untangle this non-binding authority and decide whether the child

8  endangerment in this case is *necessarily* a felony because even under the analysis in *Denton*, it is

9  factually a felony.  Mr. Yates eschews factual analysis in his sentencing memorandum, instead relying

10 on the rule of lenity to provide an answer.  ECF 125 at 8.  But even under the case law Mr. Yates cites,

11 the rule of lenity plays no role here.  Mr. Yates says that, because he could have been charged with

12 misdemeanor child endangerment, the Court should apply the rule of lenity to presume that is what

13 would have happened.  The cases Mr. Yates cites—*Denton* and *Williams*—dispose of his rule of lenity

14 argument.[1]

15      If the rule of lenity applied in this case, it would apply in every case in which a defendant's

16 conduct violates a wobbler statute because—by the definition of a wobbler—any such defendant could

17 always be charged with a misdemeanor.  But *Denton* itself makes clear that, even in the supervised

18 release violation context, such is not the rule.  The *Denton* court cautioned, "we do not hold that

19 uncharged offenses are misdemeanors.  When an offense is uncharged, no presumption applies."

20 *Denton*, 611 F.3d at 653 n.10.

21      The procedure outlined in *Denton* requires district courts to "determine whether a trial court

22 would have imposed a punishment other than imprisonment in a state prison under the process set for

23 the in California Penal Code section 17(b)," following "the factors identified in *People v. Superior*

24 *Court (Alvarez)*."[2]  14 Cal. 4th 968, 978 (1997); *Denton*, 611 F.3d at 652.

25

---

26   [1] Separately, and as the government argued in its sentencing memorandum, neither the statute
    nor the guideline at issue are ambiguous, so the rule of lenity does not apply on its face.

27
    [2] Cal. P.C. § 17(b) is unhelpful to this analysis; it lists the procedural points at which either the
28 prosecution or the court may cause the case to proceed as a misdemeanor, but it says nothing about the
    criteria a court should use in making that determination.

GOV. RESPONSE TO DEF. SENTENCING MEMO    3
4:23-CR-00318 AMO

1    *People v. Superior Court (Alvarez)*, in turn instructs courts to consider "the nature and

2    circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits

3    of character as evidenced by his behavior and demeanor at the trial," and, where appropriate, "the

4    general objectives of sentencing such as those set forth in California Rules of Court, rule 410."[3]  That

5    rule lists the objectives of sentencing as including (a) Protecting society. (b) Punishing the defendant. (c)

6    Encouraging the defendant to lead a law abiding life in the future and deterring him from future

7    offenses.(d) Deterring others from criminal conduct by demonstrating its consequences. (e) Preventing

8    the defendant from committing new crimes by isolating him for the period of incarceration. (f) Securing

9    restitution for the victims of crime. (g) Achieving uniformity in sentencing.

10    These considerations significantly overlap with the aims of sentencing described in 18 U.S.C. §

11    3553(a), and the government will not here repeat its entire analysis of those factors.  See ECF 124 at 8-

12    10.  It suffices to say that there is no realistic possibility that on these facts (a loaded automatic weapon

13    concealed on a six-year-old that endangered the lives of both that child and his five-year-old sister), and

14    given Mr. Yates' criminal history, which includes multiple felony convictions and lengthy prison

15    sentences, a trial court would have reduced this offense to a misdemeanor.

16    Whether the Court analyzes the *People v. Superior Court (Alvarez)* factors or finds that analysis

17    not required under *Ewing v. California*, the outcome is the same: Mr. Yates engaged in felony conduct

18    when he concealed a loaded automatic weapon in the pants of his six-year-old nephew, and the

19    subsection (b)(6)(B) enhancement applies.

20    **B.  The Section 3B1.4 Enhancement Also Applies and Is Not Cumulative**

21    In its sentencing memorandum, the government discussed at some length why the enhancements

22    under U.S.S.G. sections 2K2.1(b)(6)(B) and 3B1.4 are not cumulative.  ECF 124, p. 5-7.  Here, the

23    government responds only to Mr. Yates' specific arguments that (1) application note two to section

24    3B1.4 forbids application of both enhancements, and (2) Mr. Yates did not "affirmatively" use his

25    nephew to attempt to avoid detection.  Neither argument has merit.

26    Section 3B1.4, note 2, reads, in its entirety:

27

28

---

[3] "General objectives in sentencing" are now listed at Rule 4.410(a).

GOV. RESPONSE TO DEF. SENTENCING MEMO    4
4:23-CR-00318 AMO

1   Do not apply this adjustment if the Chapter Two offense guideline incorporates this factor.  For
2   example, if the defendant receives an enhancement under §2D1.1(b)(16)(B) for involving an
    individual less than 18 years of age in the offense, do not apply this adjustment.

3   U.S.S.G. 3B1.4, n.2.  Mr. Yates reads this note to forbid application of both this enhancement and what

4   he inaccurately calls "the Chapter 2 enhancement for child endangerment[.]"  ECF 125 at 10.  This

5   framing mischaracterizes the issue because the Chapter Two enhancement (section 2K2.1(b)(6)(B)) is

6   not an enhancement "for child endangerment."  It is an enhancement for "facilitating another felony

7   offense," which in this case happens to be child endangerment.

8          This is a distinction with a significant difference.  If the Chapter Two enhancement were

9   specifically about the use of a minor, then note 2 to section 3B1.4 would apply.  But section

10  2K2.1(b)(6)(B) says nothing about minors; it addresses the far more general harm of firearms facilitating

11  felony conduct, regardless of the type of felony conduct.

12         The very example in 3B1.4 note 2 demonstrates why the Court should reject Mr. Yates'

13  argument.  Subsection 2D1.1(b)(16)(B) (which is cited in note 2) reads, with respect to minors: "the

14  defendant, knowing that an individual was (i) less than 18 years of age, … distributed a controlled

15  substance to that individual or involved that individual in the offense[.]"  Thus, a defendant may

16  violation subsection 2D1.1(b)(16)(B) in two ways (with respect to a minor): by distributing drugs to that

17  minor, or by involving that minor in the offense.  And yet, section 3B1.4, note two, instructs that section

18  3B1.4 does not apply in only one of those two instances: "if the defendant receives an enhancement

19  under §2D1.1(b)(16)(B) for *involving an individual less than 18 years of age in the offense*"  (emphasis

20  added).

21         The second category of harm to minors in (b)(16)(B), distributing drugs to a minor, is not

22  covered by section 3B1.4 note two.  This is consistent with the general rule discussed at length in the

23  government's sentencing memorandum[4] because "using" a minor in violation of section 3B1.4 is

24  precisely the same harm as "involving" a minor in a drug distribution offense, but it is not the same

25  harm as distributing drugs to a minor.

26

27

28         [4] The rule being that enhancements are impermissibly "double counted" when they cover the
    same harm but not when they cover separate harms

GOV. RESPONSE TO DEF. SENTENCING MEMO     5
4:23-CR-00318 AMO

1    In this case, facilitating a felony is not the same harm as using a minor to conceal a crime, even if

2 the felony is child endangerment.  The enhancements are not impermissibly double counted, and

3 application note 2 to section 3B1.4 does not prohibit application of both enhancements.

4    Finally, Mr. Yates argues that "there is nothing in the record before this Court to indicate that

5 Mr. Yates affirmatively directed, commanded, encouraged, intimidated, counseled, trained, procured,

6 recruited, or solicited his nephew to do anything."  ECF 125 at 10.  This is incorrect; the evidence at trial

7 included a text message to Mr. Yates' mother telling her to "come get [the child] out da car he got my

8 gun on em." (emphasis added).  Less than a minute later, he texted again, encouraging his mother to

9 "hurry up b4 he pull me out."  From this evidence, the Court can and should conclude that the only way

10 a six-year-old could have come into possession of a gun Mr. Yates called "my gun" is if Mr. Yates gave

11 it to him.

12    Mr. Yates' argument asks this Court to imagine that a six-year-old child (1) took possession of a

13 gun belonging to Mr. Yates without Mr. Yates giving it to him, (2) concealed it on his own initiative,

14 and (3) was about to carry it into the house past officers without Mr. Yates telling him to do so.  This

15 argument is inconsistent with both the facts and common sense, and the Court should reject it.

16 **VI.    CONCLUSION**

17    For the foregoing reasons, the United States respectfully requests that the Court apply a four-level

18 enhancement under section 2K2.1(b)(6)(B), apply a second enhancement under section 3B4.1, and find that

19 Mr. Yates' total offense level is 24.

20

21 DATED: April 18, 2025                    Respectfully submitted,

22

23                    PATRICK D. ROBBINS
                     Acting United States Attorney

24

25                     /s/  *Richard Ewenstein*
                     _____

26                    RICHARD EWENSTEIN
                     Assistant United States Attorney

27

28